# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN WILMER, | ) | |
| Petitioner, | ) | Civil Action No. 16-931 |
| v. | ) | Judge Cathy Bissoon |
| ERIC TICE, *et al.*, | ) | Magistrate Judge Robert C. Mitchell |
| Respondents. | ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On April 10, 2018, the Magistrate Judge issued a Report (Doc. 28) recommending that Shawn Wilmer's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (hereinafter "Petition," Doc. 4) be dismissed, and that a certificate of appealability be denied. The deadline for filing objections to the Report was April 27, 2018. Without filing a motion to extend the deadline for objections, Petitioner filed untimely objections on June 6, 2018 (Doc. 29). The Commonwealth has not responded to Petitioner's untimely objections. Petitioner's motion is ripe for this Court's consideration.

The Court has conducted a *de novo* review of the pleadings and documents in this case, including Petitioner's objections, together with the Report and Recommendation. For the reasons that follow, the Court will adopt the Magistrate Judge's Report, as augmented herein, as the opinion of the District Court, and will dismiss the petition and deny a certificate of appealability.

As the Report fully and accurately describes the background in this matter, (see Report 1-5), the Court will assume the reader's familiarity with the Report and will not restate the background here.

Petitioner objects to the Report on several grounds. Petitioner contends that: (1) the Report "is misstating the facts of the record"; (2) the Report fails to address certain claims related to the admissibility of witness testimony at trial; (3) the Report misapplies the holding of Giglio v. United States, 405 U.S. 150 (1972), by insufficiently considering the prejudice caused by false testimony at trial; and (4) the Report errs in finding that counsel's performance was not ineffective. (Objections 3-5.)

Having reviewed the record in this case, the Court finds that these objections are without merit. The first two objections can be addressed summarily. As to the first objection, Petitioner fails to specify any facts that the Report allegedly misstates. As to the second objection, Petitioner invokes the declaration against penal interest exception to the hearsay rule. However, none of Petitioner's asserted grounds for relief relate to this evidentiary rule, and Petitioner fails to identify any testimony that should have been admitted or excluded at trial pursuant to that rule. As a result, these objections will be overruled.

As to the third objection, the Report relies on Giglio for the proposition "that deliberate deception of a court and jurors by the presentation of *known* false evidence is incompatible with 'rudimentary demands of justice.'" (Report 7 (quoting Giglio, 405 U.S. at 153).) Contrary to Petitioner's objection that the Report relies on a finding concerning a lack of prejudice, the Report instead relies on the Commonwealth's lack of knowledge as to the falsity of the evidence. Specifically, the Report concludes that, "[w]hile the testimony [at trial] might have been erroneous, there is no showing made that the prosecution was aware of this fact, and knowingly

injected false testimony into the record.  For this reason, this claim does not present a basis for relief." (Id. at 8.)  In other words, the Report concludes that regardless of the degree of prejudice that may have been caused by the Commonwealth's presentation of false testimony to the jury, Petitioner has failed to show that the Commonwealth knew or should have known that the testimony was false, as required under Giglio and subsequent cases.  The Court agrees with the Report's conclusion and finds that the Report has correctly applied Giglio.[1]

Finally, as to Petitioner's fourth objection, which concerns his ineffective assistance of counsel claims, the Court agrees with the Report's analysis that counsel cannot be deemed ineffective for failing to raise a meritless issue—for the reasons discussed above, had trial counsel pursued a claim that Petitioner's constitutional rights were violated by the prosecution's use of false testimony, counsel would have failed because there is no evidence that the Commonwealth knew or should have known that the relevant testimony was false.[2]

---

[1] The Court notes, however, that there is an internal tension within Supreme Court precedent.  On one hand, the Court has consistently required some level of prosecutorial knowledge as to falsity for a conviction to be set aside.  On the other hand, the Court has consistently emphasized the truth-seeking function of a criminal trial, and the practical corruption of that function by any prosecutorial use of false testimony that is material to a verdict.  For example, the principle stated in United States v. Agurs, 427 U.S. 97 (1976)—that a prosecutor's "knowing use of perjured testimony" to obtain a conviction "is fundamentally unfair, and [a conviction] must be set aside if there is a reasonable likelihood that the false testimony could have affected the judgment of the jury"—draws support from the Court's reasoning that it "has applied a strict standard of materiality, not just because [such cases] involve prosecutorial misconduct, *but more importantly because they involve a corruption of the truth-seeking function of the trial process*." Id. at 103-04 (emphasis added).  Despite this emphasis on the truth-seeking function of a criminal trial, the Supreme Court and the Court of Appeals for the Third Circuit require that the prosecution either knew testimony was false, or should have known that testimony was false, in order to find a constitutional violation.  E.g., Haskell v. Superintendant Greene SCI, 866 F.3d 139, 146 (3d Cir. 2017) (relying on the line of Supreme Court cases that emphasize material falsity but require knowledge, regardless of prejudice).

[2] In fact, Petitioner's appellate counsel specifically stated: "There is no allegation that former District Attorney Bruce Beemer introduced the false evidence intentionally."  (Brief for Appellant, Exhibit 42 to Commonwealth's Response to Petition 76 n.4, Doc. 26-3.)

* * *

Accordingly, it hereby is **ORDERED** that Petitioner Shawn Wilmer's objections (Doc. 29) are **OVERRULED**; his habeas petition (Doc. 4) is **DISMISSED**; a certificate of appealability is **DENIED**; and the Report and Recommendation (Doc. 28) is **ADOPTED** as the Opinion of the District Court, as supplemented herein.

IT IS SO ORDERED.


November 6, 2018　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　United States District Judge


cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

**SHAWN WILMER**
HH-2495
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112